| | |
|---|---|
| United States District Court<br>Southern District of New York | 1:20-cv-00888-JMF |

Magdiela Gonzalez and Rita Bongiovi individually and on behalf of all others similarly situated,

                      Plaintiffs,

            - against -

Gojo Industries, Inc.,

                      Defendant

Plaintiffs' Memorandum of Law in Opposition
to Defendant's Motion to Transfer Venue to the Northern District of Ohio

SHEEHAN & ASSOCIATES
Christopher Patalano
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck, NY 11021-3104
*cpatalano@spencersheehan.com*
*spencer@spencersheehan.com*

REESE LLP
Michael R. Reese
100 West 93rd Street, 16th Floor
New York, NY 10025
*mreese@reesellp.com*

MCGRAW LAW OFFICES
Warren McGraw
226 Bradley School Rd
Mt. Hope, WV 25880
*mcgrawlaw1@aol.com*

Attorneys for Plaintiffs

**Table of Contents**

Table of Authorities ................................................................................................................... iii

Introduction ..................................................................................................................................1

Preliminary Statement ..................................................................................................................1

Argument .....................................................................................................................................2

I.      Legal Standard for Motion to Transfer Venue ..............................................................2

          A.      Plaintiffs' Chosen Forum Is Entitled to Consideration ......................................... 3

          B.      The Convenience of Witnesses and Parties Does Not Convincingly Favor Transfer ...................................................................................................... 5

          C.      Location of Documents Does Not Warrant Transfer ............................................ 6

          D.      Locus of Operative Does Not Significantly Weigh in Favor of Transfer ............................................................................................................... 7

          E.      Relative Means of Parties Heavily Weighs Against Transfer ............................... 8

          F.      Ohio's Familiarity with Governing Law Does Not Support Transfer ................... 8

          G.      Trial Efficiency and Interests of Justice Weigh Against Transfer ........................ 9

Conclusion ..................................................................................................................................10

**Table of Authorities**

**Cases**

*AIG Fin. Products Corp. v. Pub. Util. Dist. No. 1 of Snohomish Cnty, Wash.*,
  675 F. Supp. 2d 354 (S.D.N.Y. 2009) ............................................................................8

*Atl. Recording v. Project Playlist*,
  603 F. Supp. 2d 690 (S.D.N.Y. 2009) ............................................................................3

*Atlantic Marine Construction Company, Inc. v. United States District Court for
  the Western District of Texas*,
  571 U.S. 49 (2013) .........................................................................................................3

*Columbia Pictures Indus. v. Fung*,
  447 F. Supp. 2d 306 (S.D.N.Y. 2006) ............................................................................3

*Cook v. Amedisys, Inc.*,
  2013 U.S. Dist. LEXIS 50136 (D. Conn. Apr. 8, 2013) ................................................8

*Crandell v. Ross*,
   No. 9:17-cv-00755 (N.D.N.Y. Jul. 23, 2019) ................................................................4

*D.H. Blair & Co. v. Gottdiener*,
  462 F.3d 95 (2d Cir. 2006) .............................................................................................2

*ESPN, Inc. v. Quiksilver, Inc.*,
  581 F. Supp. 2d 542 (S.D.N.Y. 2008) ............................................................................6

*Forsher v. J.M. Smucker Co.*,
  No 15-cv-07180, 2019 WL 235639 (E.D.N.Y. Jan 16, 2019) .......................................7

*Hines v. Overstock.com, Inc.*,
  668 F. Supp. 2d 362 (E.D.N.Y. 2009) .......................................................................4, 5

*Horanzy v. Vemma Nutrition Co.*,
  87 F. Supp. 3d 341 (N.D.N.Y. 2015) .............................................................................6

*Laumann Mfg. Corp. v. Castings USA, Inc.*,
  913 F. Supp. 712 (E.D.N.Y. 1996) ................................................................................2

*McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*,
  295 F. Supp. 3d 404 (S.D.N.Y. 2017) ............................................................................6

*Piper Aircraft Co. v. Reyno*,
  454 U.S. 235 (1981) .......................................................................................................4

*Quan v. Computer Sciences Corp.*,
  No. 06-cv-03927, 2008 WL 89679 (E.D.N.Y. Jan. 8, 2008) .........................................5

*Royal Ins. Co. of America v. U.S.*,
   998 F. Supp. 351 (S.D.N.Y. 1998) ..................................................................................9

*Rush v. Fischer*,
   923 F. Supp. 2d 545 (S.D.N.Y. 2013) ............................................................................3

*Samson Cordage Works v. Wellington Puritan Mills, Inc.*,
   303 F. Supp. 155 (D. R.I. 1969) .....................................................................................6

*Smart Skins v. Microsoft*,
   No. 14-cv-10149, 2015 WL 1499843 (S.D.N.Y. Mar. 27, 2015) ....................................3

*Stolz v. Fage Dairy Processing Indus., S.A.*,
   2015 WL 5579872 (E.D.N.Y. Sept. 22, 2015) ...............................................................7

*Student Advantage, Inc. v. Int'l Student Exch. Cards, Inc.*,
   2000 WL 1290585 (S.D.N.Y. Sept. 13, 2000) ...............................................................6

*Toy Biz v. Centuri Corp.*,
   990 F. Supp. 328 (S.D.N.Y. 1998) .................................................................................7

*Virgin Enterp. v. American Longevity*,
   No. 99-cv-09854, 2001 WL 34142402 (S.D.N.Y. Mar. 1, 2001) ...................................5

*Williams v. Frank Martz Coach Co.*,
   No. 13-cv-01860, 2014 U.S. Dist. LEXIS 66411 (E.D.N.Y. May 14, 2014) ..................6

*Winter v. American Institute of Medical Sciences & Education*,
   242 F. Supp. 3d 206 (S.D.N.Y. 2017) ................................................................3, 4, 8

**Statutes**

28 U.S.C. § 1404(a) ...........................................................................................................2, 3

**Introduction**

Plaintiffs, Magdiela Gonzalez and Rita Bongiovi individually and on behalf of all others similarly situated ("Plaintiffs") respectfully submit this Memorandum of Law in Opposition to Defendant's Motion to Transfer to the Northern District of Ohio ("Mem.").

**Preliminary Statement**

This case should not be transferred to the Northern District of Ohio because Plaintiffs should be afforded deference in their selection of the forum state in which they reside and because transferring the case out-of-state would shift the inconvenience from a large national corporation to individual purchaser-plaintiffs.

This action arises from Defendant's marketing, advertising, branding and sale of deceptively labeled alcohol-based hand sanitizers (the "Products"), as detailed in Plaintiffs' First Amended Complaint ("FAC"). ECF No. 27. Defendant maintains that its Products kill 99.99% of germs. FAC ¶ 16. As the FDA noted, whether or not the Products kill a germ at some percentage has not been clinically proven to lead to a reduction in illness. FAC ¶ 17. There exist numerous scientific studies that call into question the effectiveness of hand sanitizer as a method for killing germs or preventing illness. FAC ¶ 18. Now, more than ever, in the face of a global pandemic caused by COVID-19, when misinformation about proper measures for combatting illness is continually seeping into the public consciousness, it is critical that companies such as Defendant are not contributing to these campaigns of deception.

The Food and Drug Administration ("FDA") has never established that the Products' main ingredient, ethyl alcohol, is safe and effective for its intended antiseptic uses. FAC ¶ 32. In fact, no topical antiseptic products have ever been able to achieve the results Defendant advertises on its Products as such outcomes are beyond the ability of ethyl alcohol solution. FAC ¶ 34.

Plaintiffs relied upon these representations when deciding to purchase and use the Products for their intended use, and had Plaintiffs known the truth, they would not have bought the Products or would have paid less for them. FAC ¶ 50. More dangerously, Defendant's advertising caused Plaintiffs to forego or defer proven, medically established methods to prevent the transmission of disease and illness. *Id*.

In response to these allegations raised in Plaintiffs' FAC, Defendant, an Ohio corporation, moved to transfer venue from the Southern District of New York to the Northern District of Ohio. ECF No. 29. Plaintiffs, residents of the Southern District of New York who purchased the Products in that District, oppose this request for the reasons set forth below.

## Argument

### I. Legal Standard for Motion to Transfer Venue

Under 28 U.S.C. § 1404(a), a district court may, "for the convenience of the parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The purpose of Section 1404(a) "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations omitted). "In putting forth a § 1404(a) motion to transfer, the moving party has the burden to clearly establish that a transfer is appropriate and that the motion should be granted." *Laumann Mfg. Corp. v. Castings USA, Inc.*, 913 F. Supp. 712, 720 (E.D.N.Y. 1996) (internal quotations and citations omitted).

Generally, a district court has "broad discretion" when deciding a Section 1404(a) motion to transfer venue. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). In a typical case, the court evaluates both "the convenience of the parties and various public interest considerations" by "weigh[ing] the relevant factors and decid[ing] whether, on balance, a transfer

2

would serve 'the convenience of the parties and witnesses' and otherwise promote the 'interest of justice.'" *Atlantic Marine Construction Company, Inc. v. United States District Court for the Western District of Texas*, 571 U.S. 49, 62-63 (2013) (quoting 28 U.S.C. § 1404(a)).

To assess whether the "interests of justice" would be served, courts look at multiple factors, including: (1) the plaintiff's choice of forum, (2) the convenience of the witnesses; (3) the location of relevant documents and relative ease of access to sources of proof; (4) the convenience of the parties; (5) the locus of operative facts; (6) the availability of process to compel the attendance of unwilling witnesses; (7) the relative means of the parties; (8) the forum's familiarity with governing law; and (9) trial efficiency and interest of justice. *Winter v. American Institute of Medical Sciences & Education*, 242 F. Supp. 3d 206, 213 (S.D.N.Y. 2017).

"No one factor is dispositive and the relative weight of each factor depends on the particular circumstances of the case." *Smart Skins v. Microsoft*, No. 14-cv-10149, 2015 WL 1499843 at * 4 (S.D.N.Y. Mar. 27, 2015). "However, because the discretion under Section 1404 'must be exercised at the very outset of the case, when relatively little is known about how the case will develop, courts have typically accorded substantial weight to the . . . plaintiff's choice of forum.'" *Winter*, 242 F. Supp. 3d at 213 (quoting *Atl. Recording v. Project Playlist*, 603 F. Supp. 2d 690, 695 (S.D.N.Y. 2009); *see also Columbia Pictures Indus. v. Fung*, 447 F. Supp. 2d 306, 309 (S.D.N.Y. 2006) ("Absent a clear cut and convincing showing by defendant that the balance of convenience weighs strongly in favor of the transferee court, plaintiff's choice of forum will not be set aside."). The weight of all these factors dictates that Defendant's Motion to Transfer Venue should be denied.

A.    Plaintiffs' Chosen Forum Is Entitled to Consideration

"A plaintiff's choice of forum should not be disturbed unless the balance of the factors tips heavily in favor of a transfer." *Rush v. Fischer*, 923 F. Supp. 2d 545, 556 (S.D.N.Y. 2013).

3

Additionally, the plaintiff's choice of forum is generally given substantial deference especially if it is the plaintiff's home state. *Winter*, 242 F. Supp. 3d at 216-17. "Deference to a plaintiff's choice of forum is especially strong where the plaintiff has chosen her home forum as 'it is reasonable to assume that this choice is convenient.'" *Crandell v. Ross*, No. 9:17-cv-00755 (N.D.N.Y. Jul. 23, 2019) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981)).

Here, Defendant seems to think that Plaintiffs' choice of forum in their home state is motivated by "tactical considerations." Mem. at 17. Defendant lobs this accusation of tactical forum shopping without giving any evidence as to what those tactics may be except for Plaintiffs' decision to narrow the class from a nationwide class action to a New York-exclusive class. Mem. at 18. Defendant alleges, "Plaintiffs' tactical decision to now assert claims on behalf of a New York-only class serves only to undermine the already minimal amount of deference owed to their choice of forum." Mem. at 19. This stance misconstrues the large amount of deference courts have traditionally given to the plaintiff's home state venue. Even in a class action such as this case, where a plaintiff's choice of forum receives less weight, a plaintiff's residence in the forum dictates that this factor should be given at least some consideration. *Hines v. Overstock.com, Inc.*, 668 F. Supp. 2d 362, 369 (E.D.N.Y. 2009) ("[W]ith respect to the convenience of the parties, transfer is not warranted, as Plaintiff resides in this District.").

Here, Plaintiffs bring this New York action and seek to represent all New York purchasers of Defendant's products pursuant to New York consumer protection laws. Plaintiffs are residents of the Southern District of New York. If this case were to be certified as a class action, the purchasers of the Product who may be called to testify and who may join as plaintiffs are disseminated throughout New York State and thus are far from the Northern District of Ohio. This factor weighs against transfer.

B.     The Convenience of Witnesses and Parties Does Not Convincingly Favor Transfer

Defendant overreaches when it argues that this case should be transferred because the potential corporate witnesses and relevant documents are located in the Northern District of Ohio. A transfer to Ohio would shift inconvenience from Defendant to the named Plaintiffs, and such a shift should not form the basis of a grant of transfer of venue.

"Residence is the touchstone for party convenience." *Quan v. Computer Sciences Corp.*, No. 06-cv-03927, 2008 WL 89679 at * 16 (E.D.N.Y. Jan. 8, 2008). Courts should look to the residence of the parties in determining the respective convenience of each to litigate the action in any forum. Here, Plaintiffs' residence is in the Southern District of New York and Defendant's is in the Northern District of Ohio. The fact that Defendant's employees reside in Ohio is not a material consideration "as one of the parties will have to travel regardless of whether the trial occurs" in New York or Ohio. *Hines*, 668 F. Supp. 2d at 369; *see also Virgin Enterp. v. American Longevity*, No. 99-cv-09854, 2001 WL 34142402 at *8-9 (S.D.N.Y. Mar. 1, 2001) ("The convenience of the parties does not weigh in favor of transfer where such transfer would merely shift the inconvenience of litigating in a particular forum from one party to the other.").

Defendant argues that "[t]he Northern District of Ohio is the far more convenient forum for substantially all of the witnesses to this case." Mem. at 10. However, Plaintiffs seek to represent a class of numerous purchasers, and as they may be called a witnesses in this case, their convenience must be considered as well. It is not feasible or practical to expect each of these individual witnesses to travel on their own accord from their home state of New York to Ohio.

Defendant argues that its expected party witnesses are located in Ohio, but it fails to show that requiring these party witnesses to travel will impede the litigation in this case. Furthermore, given the "convenience of modern communication and transportation," the location of Defendants' witnesses does not necessitate a transfer of venue, especially because their depositions will be

5

taken in Ohio. *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani,* 295 F. Supp. 3d 404, 414 (S.D.N.Y. 2017) (while there could be some burden on a party traveling to New York to defend, that burden is minimal).

Defendant has failed to identify any witnesses that would be unwilling to attend trial in the Southern District of New York. As such, Defendant has failed its burden of showing why transfer to Ohio would be appropriate under this prong.

Finally, Defendant has not shown by "clear and convincing evidence" that it would be inconvenienced by traveling to this District. *Williams v. Frank Martz Coach Co.*, No. 13-cv-01860, 2014 U.S. Dist. LEXIS 66411, at *23 (E.D.N.Y. May 14, 2014). The location of Defendant's home office in Ohio does not warrant a transfer. *See generally ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542 (S.D.N.Y. 2008). It is a nationwide company that takes the risk of suit across the nation, and this dispute involves products sold within this District. *Samson Cordage Works v. Wellington Puritan Mills, Inc.*, 303 F. Supp. 155, 159 (D. R.I. 1969). The sum of the analysis of this factor indicates that Defendant's motion to transfer should be denied.

C. Location of Documents Does Not Warrant Transfer

The location of the documents should not weigh into this Court's calculation of whether a motion to transfer is appropriate for this case. "This factor is not particularly significant given the technological age in which we live, where there is widespread use of, among other things, electronic document production." *Horanzy v. Vemma Nutrition Co.*, 87 F. Supp. 3d 341, 348 (N.D.N.Y. 2015). "A defendant's assertion that documents are located in the transferee forum is entitled to little weight in the absence of a detailed showing as to the burden that defendant would incur in the absence of transfer." *Student Advantage, Inc. v. Int'l Student Exch. Cards, Inc.*, 2000 WL 1290585, at *7 (S.D.N.Y. Sept. 13, 2000).

Defendant asserts that "documents and data relevant to the allegations in the Complaint, such as documents and data pertaining to GOJO's marketing, sales, scientific research, and business practices, are located at its principal place of business in Akron, Ohio." Mem. at 13. There is no reason to think these documents are not readily available electronically. Accordingly, this factor is neutral.

D.   Locus of Operative Does Not Significantly Weigh in Favor of Transfer

Plaintiffs concede that the main locus of operative facts slightly favors transfer to the Northern District of Ohio. *See Forsher v. J.M. Smucker Co.*, No 15-cv-07180, 2019 WL 235639 at *4 (E.D.N.Y. Jan 16, 2019) (assessing the foremost locus of operative facts to be where employees made strategic decisions about the sale, marketing and labeling of products alleged to be falsely advertised).

However, the Southern District of New York is also a locus of operative facts since it is the district in which the named Plaintiffs purchased the Products at issue. *See Id.* The locus of operative facts analysis should only slightly favor the Defendant where, as here, Plaintiffs seek only to represent a New York class of purchasers in a New York court. *Compare Id.* ("However, because this is a putative class action brought on behalf of a California class *and* a multi-state class, ultimately the loci of operative facts involving Plaintiffs are spread across . . . allegedly, all fifty states." *Id.* (emphasis in the original) (citing *Stolz v. Fage Dairy Processing Indus., S.A.*, 2015 WL 5579872, at *9 (E.D.N.Y. Sept. 22, 2015).  By this implication, it is clear that where the plaintiffs seek to represent the class of purchasers of only one state, the balance of the analysis of the locus of operative facts tips back towards those plaintiffs' home state.

Further, where infringing products are sold in New York, "New York has a significant connection" with the operative facts in the dispute. *Toy Biz v. Centuri Corp.*, 990 F. Supp. 328, 331 (S.D.N.Y. 1998). Here, Defendant is selling the infringing Product in this District. Defendant

7

also offers the infringing Product online for delivery in New York. Where one can purchase an infringing product in the jurisdiction, the locus of operative facts shifts towards that district. Therefore, the locus of operative facts, at best, only slightly favors Defendant in this action.

### E. Relative Means of Parties Heavily Weighs Against Transfer

"In determining whether the relative means of the parties weighs in favor of transfer, a court should determine whether a party's financial situation would meaningfully impede its ability to litigate this case in either forum." *AIG Fin. Products Corp. v. Pub. Util. Dist. No. 1 of Snohomish Cnty, Wash.*, 675 F. Supp. 2d 354, 371 (S.D.N.Y. 2009) (internal quotations omitted). "[T]he court can only assume that Plaintiff's choice [of venue] is entitled to greater deference as the individual squaring off with an institution." *Winter* 242 F. Supp 3d at 217. Plaintiffs in this case are the archetypal individuals standing up to a large corporation while seeking to represent a class of similarly positioned individuals. Defendant cannot dispute that it possesses far greater financial resources than Plaintiffs or any other individual who can be expected to be named as a plaintiff in this case. Hence, Defendant is in a better position to absorb the costs of litigating in New York than the Plaintiffs litigating in Ohio. Furthermore, any common monetary fund resulting from this litigation will be maximized for Plaintiffs and other putative class members by the litigation continuing in New York. Therefore, this factor weighs heavily against a transfer. *See Cook v. Amedisys, Inc.*, 2013 U.S. Dist. LEXIS 50136, at *6-7 (D. Conn. Apr. 8, 2013) (holding convenience of parties did not weigh in favor of transfer where plaintiffs had less means than the corporate defendants).

### F. Ohio's Familiarity with Governing Law Does Not Support Transfer

"A federal court sitting in New York is more likely to have developed a familiarity with New York law than is a court" in another state. *Royal Ins. Co. of America v. U.S.*, 998 F. Supp. 351, 355 (S.D.N.Y. 1998). "Thus federal courts have generally favored adjudication of a

8

controversy by the court which sits in the state whose law will provide the rules of decision." *Id.* (internal quotations and citation omitted).

It is axiomatic that the courts of this district have more expertise in applying New York State law than would the courts of the Northern District of Ohio. This factor strongly militates against transferring this case to Ohio.

G. Trial Efficiency and Interests of Justice Weigh Against Transfer

Contrary to Defendant's argument, transferring this case to Ohio would not substantially benefit trial efficiency. First, Defendant's arguments regarding trial efficiency rest upon the assumption that a separate case involving its Products that is pending in California would also be transferred to the Northern District of Ohio. Mem. at 20 ("Transferring this action to the Northern District of Ohio where it could be coordinated or even consolidated with the *Aleisa* action, would undeniably serve the interests of justice and enhance trial efficiency."). This court should not be in the practice of granting motions to transfer based on hypotheticals such as the proposed and as-of-yet undecided motion to transfer to be adjudicated in a California court.

Second, the Northern District of Ohio is not significantly less congested than the Southern District of New York. As demonstrated by Defendant, one measure of court congestion is weighted filings. Defendant is correct that the New York Southern District has 135 more weighted filings per judgeship than the Northern District of Ohio. Mem. at 22. However, one of the more critical displays of court efficiency is the median time from filing to disposition. The median time from filing to disposition in civil trials in the Northern District of Ohio is 9.9 months.[1] In the New York Southern District, the median time from filing to disposition in civil trials is 6.4 months.[2] If the goal for efficiency is to get the case off the desk of the judge who is hearing it, then the New

---

[1] https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0331.2020.pdf
[2] *Id.*

9

York Southern District is much more effective at doing so than the Northern District of Ohio. Accordingly, this fact should be considered neutral since both courts are about equally efficient and this Court should not make decisions based on Defendant's conjecture as to what may happen in a separate parallel action pending before courts in California.

## Conclusion

For the foregoing reasons, the Court should deny Defendant's Motion to Transfer to the Northern District of Ohio in its entirety.

Date:   August 14, 2020

                                              Respectfully submitted,

Sheehan & Associates, P.C.
/s/Christopher Patalano

Christopher Patalano
60 Cuttermill Rd Ste 409
Great Neck, NY 11021-3104
*cpatalano@spencersheehan.com*

Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck, NY 11021-3104
*spencer@spencersheehan.com*

Reese LLP
Michael R. Reese
100 W 93rd St Fl 16
New York NY 10025-7524
mreese@reesellp.com

McGraw Law Offices
Warren McGraw
226 Bradley School Rd
Mt. Hope, WV 25880
*mcgrawlaw1@aol.com*

1:20-cv-00888-JMF
United States District Court
Southern District of New York

Magdiela Gonzalez and Rita Bongiovi individually and on behalf of all others similarly situated,

        Plaintiffs,

  -against-

GOJO Industries, Inc.,

        Defendant

Plaintiffs' Memorandum of Law in Opposition
to Defendant's Motion to Transfer Venue to the Northern District of Ohio

Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 409
Great Neck, NY 11021-3104
Tel: (516) 303-0552
Fax: (516) 234-7800

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Date: August 14, 2020

                /s/Christopher Patalano
                Christopher Patalano

1

## Certificate of Service

I certify that on August 14, 2020, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiffs' Counsel | ☒ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☐ | ☐ | ☐ | ☐ |

/s/ Christopher Patalano